WILLIAM J. O'CONNOR, RESPONDENT, v. LILLIAN CLAWANS, APPELLANT.

Argued February 3, 1926—Decided May 17, 1926.

It is no defense to an action for slander that at the time of the uttering of the slanderous words the defendant had been illegally arrested by the plaintiff.

On appeal from the Supreme Court.

For the appellant, *Charles C. Giffoniello.*

For the respondent, *William George.*

The opinion of the court was delivered by

MINTURN, J. The suit was for slander, the uttering of which the defendant denied, and, after a trial of the issue,

the jury found for the plaintiff, assessing his damages at $1,000.

The plaintiff was a police officer in the city of Newark, and observing the car in which defendant was riding proceeding along the public streets without a rear license plate, halted the car and called the driver's attention to the fact that the rear license plate was missing. At that point the defendant intervened, and *inter alia,* with the forcible legal finesse, thus addressed to the plaintiff, in the presence of the driver and defendant's sister, who occupied a seat in the car, "You dirty burglar and warehouse crook, how dare you stop me. I am a lady lawyer." At the police station she again, in the presence of brother officers, addressed him thus: "You crook and burglar and warehouse robber, you ought to be in Trenton serving time with the rest of the crooks." This testimony was substantiated by three other officers, and, constructively, by the testimony of eight others, who, to save time by repetition, were not called, but whose testimony, by consent of counsel, in open court, was admittedly of similar import to that of the witnesses who had already testified.

Numerous grounds of appeal are filed, but two only were deemed necessary for presentation as a basis for reversal, and under our settled rule the remaining reasons must be considered as abandoned. *Manda* v. *U. S. Express Co.,* 85 *N. J. L.* 720.

It is to be observed that the defendant does not plead in bar, or otherwise her privilege as a "lady lawyer," nor does she rely upon any legal justification for her conduct, unless the claim that she was illegally arrested may be deemed such justification.

The issue thus created by the pleadings presented the single inquiry, whether the defendant uttered the slanderous language as alleged, and whether, conceding her arrest as illegal, that fact presented a justification for the slanderous utterances. Assuming that such a situation may be made a basis for mitigation of damages, it presents no defense to the real issue, and could not operate as a plea in bar. *Laporta* v. *Leonard,* 88 *N. J. L.* 663.

But, manifestly, being without a rear license plate while engaged in operating a car, the driver was properly stopped by the officer in the obvious discharge of his duty for violating section 13, paragraph 1 of the Motor Vehicle act. The trial court so correctly charged, and the issue was thus reduced to the single inquiry whether the defendant was guilty of uttering the slanderous language.

The learned trial court charged the jury concerning the unsworn witnesses in substantially the language of the stipulation entered into by agreement of counsel in open court. No valid exception can be supported as to that procedure, since the court properly called the attention of the jury to the fact that their verdict should not be determined by the number of witnesses, but entirely by the weight of the evidence, which comprehended the credit to be given to the testimony in view of the intelligence and interests of the witnesses, rather than by the number testifying to the given fact. That direction manifestly was in accord with the settled rule of evidence, and was unexceptionable. *Marzulli* v. *Metropolitan Insurance Co.,* 81 *N. J. L.* 166.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   14.

*For reversal*—None.